1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**EASTERN DISTRICT OF CALIFORNIA**

9
10
11

| | |
|---|---|
| JOHN DELANO LAWSON, JR., | Case No.: 1:21-cv-01718-BAM |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |
| v. | |
| KILOLO KIJAKAZI, Commissioner of Social Security, | |
| Defendant. | |

17
18

**INTRODUCTION**

19      Plaintiff John Delano Lawson, Jr., ("Plaintiff") seeks judicial review of a final decision of the

20 Commissioner of Social Security ("Commissioner") denying his applications for disability insurance

21 benefits under Title II of the Social Security Act. The matter is currently before the Court on the

22 parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A.

23 McAuliffe.[1]

24      Plaintiff presents the issue that the Administrative Law judge ("ALJ") erred in evaluating the

25 medical source opinion of Dr. Knapp. Having considered the parties' briefs, along with the entire

26
27

---
[1]      The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c).  (Doc. Nos. 9, 16, 17.)

28

record in this case, the Court finds that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, the Court affirms the agency's determination to deny benefits.

### Medical Records and Prior Proceedings

The relevant medical records and hearing testimony was reviewed by the Court and will be referenced below as necessary to this Court's decision.

### The ALJ's Decision

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 15-23. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 5, 2018, the alleged onset date. AR 18. The ALJ identified the following severe impairments: history of left shoulder impingement and rotator cuff arthropathy, and obesity. AR 18. The ALJ determined that the severity of Plaintiff's impairments did not meet or equal any of the listed impairments. AR 18-19.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light exertion except he can occasionally reach overhead with the left upper extremity, and he can never climb ladders, ropes, or scaffolds. AR 19-22. With this RFC, the ALJ found that Plaintiff could perform past relevant work as a security guard (DOT 372667038) light as generally performed, heavy as actually performed, SVP3. AR 22. The ALJ therefore concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from December 5, 2018, through the date of this decision. AR 23.

### SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be

considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[2]

Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence due to his failure to properly evaluate the opinion of treating physician, Dr. Knapp. (Doc. 11 at 11.)

As an initial matter, the parties appear to agree that because Plaintiff applied for benefits after March 27, 2017, his claim is governed by the agency's new regulations concerning how an ALJ must evaluate medical opinions. 20 C.F.R. § 404.1520c; (Docs. 11 at 11-17; 12 at 3-4.) Under the new regulations, the Commissioner evaluates the persuasiveness of the medical opinions based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4)

---

[2]     The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits.  Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."  20 C.F.R. § 404.1520c(c)(3)(1)-(5). Supportability and consistency are the most important factors. 20 C.F.R. § 404.1520c(b)(2).

Ninth Circuit case law preceding the new regulations afforded deference to the medical opinions of treating and examining physicians. Indeed, prior to the current regulations, the Ninth Circuit required ALJs to provide clear and convincing or specific and legitimate reasons for rejecting the medical opinions of treating or examining physicians. These standards of articulation no longer apply in light of the new regulations. As recently explained by the Ninth Circuit in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022):

> The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant. *See* 20 C.F.R. § 404.1520c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) ..., including those from your medical sources."). Our requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions, *see Murray*, 722 F.2d at 501–02, is likewise incompatible with the revised regulations. Insisting that ALJs provide a more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources—contrary to the revised regulations.

(*Id.* at 792.)  The Ninth Circuit clarified that "under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."  *Id.* "The agency must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and 'explain how [it] considered the supportability and consistency factors' in reaching these findings, *id.* § 404.1520c(b)(2)."  *Id.*

As noted, Plaintiff argues that the ALJ improperly rejected the opinion of treating physician, Dr. Knapp. In so arguing, Plaintiff claims that the ALJ mischaracterized Dr. Knapp's opinion by finding it unpersuasive because it was inconsistent with the medical evidence, specifically as to the impact of Plaintiff's obesity. (Doc. 11 at 12.)

Dr. Knapp provided treatment records for Plaintiff from December 2018 to September 2020. AR 426, 452. In June 2019, Dr. Knapp diagnosed Plaintiff with shoulder pain and rotator cuff tear. AR 423. Dr. Knapp noted that Plaintiff's orthopedist did not recommend surgery and that Plaintiff was unable to do his regular work duties. AR 423-24. In September 2019, Dr. Knapp again saw Plaintiff for shoulder pain and found limited range of motion. AR 421. Dr. Knapp also noted that Plaintiff's shoulder and knee issues made him a likely candidate for permanent disability. AR 421-22. In March 2020, Dr. Knapp found that Plaintiff's shoulder continued to disable him, and such disability would likely be permanent based on the shoulder's non-surgical status. AR 457.

In May 2020, Dr. Knapp filled out a medical source statement. AR 435. Dr. Knapp stated Plaintiff was diagnosed with a left shoulder rotator cuff tear, right knee arthritis, and left ankle pain. AR 435. Dr. Knapp opined that Plaintiff has reduced range of motion in his left shoulder, tenderness, muscle weakness, muscle atrophy, and impaired sleep. AR 435. Dr. Knapp also opined Plaintiff had abnormal gait and joint stiffness. AR 436. Dr. Knapp opined that Plaintiff's inflammation and/or deformity was severe and caused chronic pain syndrome in his shoulder, knee, and ankle, which was also severe. AR 436-37. Dr. Knapp found that walking, lifting, and standing aggravated and/or increased the severity of Plaintiff's condition. AR 437. Dr. Knapp also opined that depression and anxiety contribute to Plaintiff's physical condition. AR 438. Finally, Dr. Knapp opined that Plaintiff could sit and stand/walk no more than one hour in an eight-hour workday, could occasionally lift/carry up to ten pounds but could never lift/carry more than ten pounds, could not repeatedly push or pull with his left and right hands, could occasionally bend but never squat, crawl, climb, or reach above shoulder level. AR 439-40. Dr. Knapp opined that Plaintiff was completely restricted from unprotected heights and being around moving machinery, could not perform a job with a sit/stand and/or walk option eight hours per day without lying down, would be severely limited in performing full time employment, would require frequent breaks even in a light/sedentary job, and would frequently miss days. AR 441.

The ALJ found this opinion unpersuasive, reasoning as follows:

Dr. Knapp supported his opinions with his narrative comments, but they are not generally consistent with the remainder of the medical evidence. The evidence does not support the

extreme limitations advanced. The claimant's shoulder impairment has not progressed as expected, and he continues to experience deficits in range of motion and occasionally strength, and this affects his ability to reach more than occasionally. However, he has been advised to only make lifestyle changes to lose weight, and no clinician has suggested that his obesity would impact his ability to perform postural tasks to this extent suggested by Dr. Knapp. Additionally, while it is reasonable that the claimant's obesity and pain may somewhat limit his ability to stand and walk, the claimant has no impairment in sitting supported by the record. Therefore, the undersigned finds this opinion not generally persuasive.

AR 22.

The Court finds that the ALJ properly evaluated Dr. Knapp's opinion under the new regulations. First, the ALJ found that Dr. Knapp's opinion was supported by his own "narrative comments." *Id.* This reason expressly invokes the supportability factor, which is one of the key factors an ALJ must consider when determining the persuasiveness of a medical opinion. 20 C.F.R. § 416.920c(b)(2). The more relevant objective evidence and supporting explanations that support a medical opinion, the more persuasive that medical opinion is. 20 C.F.R. § 416.920c(c)(1). Here, Dr. Knapp's medical source statement opinion largely consists of checked mark boxes. AR 435-41. Dr. Knapp's treatment notes support limitations in ambulation and standing due to Plaintiff's knee replacement and ankle injury, which support the standing/walking limitations posited in Dr. Knapp's medical source statement. AR 454. However, they did not provide support for the more extreme sitting limitation.

Next, the ALJ found that Dr. Knapp's opinion was inconsistent with the objective medical record. The ALJ's reasoning invokes the consistency factor, which means the extent to which a medical opinion is "consistent ... with the evidence from other medical sources and nonmedical sources in the claim'" 20 C.F.R. § 416.920c(c)(2). The Court agrees with the ALJ's determination that Dr. Knapp's opinion was not consistent with the other medical evidence. The ALJ discusses several other medical sources and Plaintiff's own testimony in her opinion which do not opine the same limitations as Dr. Knapp.

State agency examiner Dr. Rugama, found that Plaintiff's statements about the intensity, persistence, and function were not supported by the medical evidence. AR 66. Dr. Rugama also found

that only mild to moderate limitations were warranted. AR 66. Dr. Rugama opined that Plaintiff could occasionally lift/carry up to twenty pounds, could stand/walk and sit for about six hours in an eight-hour workday, and had limited range of motion in his shoulder. AR 66-67. Dr. Rugama concluded that Plaintiff could perform light work. AR 71.

Workman's Compensation examiner Jeff Armstrong, P.A. opined that Plaintiff could stand/walk no more than six hours in an eight-hour workday. AR 346. Armstrong, P.A., did not find limitations to sitting. AR 346. The opinion was signed off by Dr. Engelmann. AR 347.

Plaintiff testified that he was able to do his own grocery shopping, laundry, and other household chores. AR 39. Plaintiff also testified that his pain can be managed with medication. AR 41. Plaintiff testified he was able to stand for thirty-to-forty-minutes before needing to sit. AR 42. On April 26, 2022, Plaintiff also stated he could sit for three hours, stand for thirty-minutes, and walk 1/8 of a mile in a pain questionnaire. AR 191.

The remaining medical opinions in the record and Plaintiff's testimony are consistent with the ALJ's RFC determination. Both the medical statements and Plaintiff's testimony find significantly less limitations in sitting, if any. For example, Physician's assistant Armstrong found no limitation and Plaintiff stated he could sit for up to three hours at a time. Thus, Dr. Knapp's opinion that Plaintiff could only sit for one hour was not consistent with the medical evidence.

Plaintiff argues that the ALJ's reference to obesity in evaluating Dr. Knapp's opinion is the only basis the ALJ gives for finding the opinion unpersuasive. However, the ALJ thoroughly discusses Dr. Knapp's opinions regarding Plaintiff's knee, shoulder, and ankle injuries. AR 22. While the ALJ does reference obesity in relation to Plaintiff's ability to perform postural tasks, it does not appear that obesity is the only impairment that contributed to the ALJ's assessment. Further, The ALJ found that obesity was a severe impairment and therefore is required to consider obesity in conjunction with other related conditions. AR 18. As a general rule, an ALJ must determine the effect of claimants' obesity on their other impairments and ability to work. *See Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003); *see also* SSR 02-1p, 2002 WL 34686281 (Sept. 12, 2002) (requiring ALJ to consider effects of obesity at several points in five-step sequential evaluation). It appears to the Court that while the ALJ's language could suggest obesity was the main impairment the ALJ considered when determining

the opinion was unpersuasive, that was not the case. Rather, it appears the ALJ was simply considering obesity in her analysis. There is a thorough discussion of Plaintiff's shoulder, knee, and ankle impairments just before the ALJ states the opinion was unpersuasive. This makes it clear to the Court that obesity was not the sole factor in the ALJ's determination.

Further, the Court finds that the decision to discredit the limitations opined by Dr. Knapp was supported by substantial evidence. "[U]nder the new regulations, 'the decision to discredit any medical opinion, must simply be supported by substantial evidence.'" *Sexton v. Comm'r of Soc. Sec.* No. 1:21-cv-00379-EPG, 2022 WL 1471083, at *2 (E.D. Cal. May 10, 2022) (quoting *Woods*, 2022 WL 1195334, at *1). As previously noted, substantial evidence is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). As discussed above, the medical evidence and Plaintiff's own testimony are not consistent with Dr. Knapp's opined limitations.

Based on the foregoing, the Court finds that the ALJ's decision to deem Dr. Knapp's opinion unpersuasive is supported by substantial evidence after consideration of the factors of supportability and consistency.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, and against Plaintiff John Delano Lawson, Jr.

IT IS SO ORDERED.

Dated:   **September 9, 2022**          /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

8